**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Lauro Zarco Padilla, *et al.*,**

**Plaintiffs,**

**v.**

**Case No. 3:14-cv-305**
**Judge Thomas M. Rose**

**Ruben Pelayo, *et al.*,**

**Defendants.**

---

**ENTRY AND ORDER APPROVING THE PARTIES' PROPOSED SETTLEMENT OF UNPAID OVERTIME CLAIMS AND ATTORNEY FEES, DOC. 13, AND FINDING MOTION TO CERTIFY CLASS, DOC. 7, MOOT.**

---

This matter is before the Court on the parties' "Joint MOTION for Settlement Agreement Approval By Court" (Doc. 13), which seeks the Court's approval of a confidential settlement agreement resolving the plaintiffs' claims unpaid overtime claims. Because Plaintiffs' claims arose under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., the Court must approve the settlement terms. 29 U.S.C. §216.

## I. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington–Fayette Urban Cnty. Gov.*, 2008, WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to

protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.' " *Id.* (quoting 29 U.S.C. § 202). The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav.Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533.

The second exception encompasses instances in which federal district courts approve settlement of suits, like this one, brought in federal district court pursuant to §216(b) of the FLSA. *Id.* *2. In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must"'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)).

The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In

addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. See generally *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). In class actions, the court should also consider the opinion of class counsel and class representatives and the reaction of absent class members. *Id.*

While this case was filed as a collective action, the Court has not yet granted preliminary certification of a class of similarly situated parties. To date there is one named plaintiff and one "opt-in" plaintiff. (Doc. 8). The proposed settlement agreement is between the defendants and those two plaintiffs. They are "the Plaintiffs."

**CONFIDENTIALITY**

The parties first sought to have their Settlement Agreement approved and filed under seal. (Doc. 11). The Court can not provide that confidentiality in this instance. The Court issued an Order denying that requested confidentiality. (Doc. 12). The parties have since filed their Settlement Agreement for approval by the Court without any request that it be kept under seal. (Doc. 13).

**II. ANALYSIS**

The record shows that the Plaintiffs were employed at the Defendants' restaurant as a cook and a waiter, respectively, for varying durations in the three years preceding the filing date of the Complaint.

The Plaintiffs were responsible for opening the restaurant, ordering food to cook, taking orders from customers, cooking food, bringing food to the customers, and for cleaning the restaurant. Named Plaintiff, Lauro Zarco Padilla, had worked for the Defendants for more than three years. He had some seniority in the kitchen, but he was not a manager. He testified by

affidavit that he did not hire or fire employees and that he had no control over the management of the restaurant. Doc 7-1 *Affidavit of Lauro Zarco Padilla*. He stated that he worked a 6 days-a-week, 10-12 hours-a-day schedule without receiving overtime for his weekly hours worked in excess of 40.

The opt-in plaintiff, Jose Sahagun, stated in his affidavit (Doc. 7-2) that he worked as a waiter in the restaurant and worked about 10 hours a day, 6 days a week. He swore that his duties did not include hiring or firing of employees, or the management of any employees. He also stated that he was not paid overtime for his weekly hours worked in excess of 40.

In their affidavits, both Plaintiffs state that there was no time-clock at the restaurant, and that there were no time-cards kept by the Defendants. The Defendants say that the cook plaintiff was exempt from overtime pay as an executive or administrative professional for at least part of the time he worked for them. They also say that the Plaintiffs did not work all the hours they claimed. They also claim that Plaintiff Sahagun's claim for relief may be barred by the statute of limitations.

After the Answer was filed, the Plaintiffs moved for preliminary certification of a class of similarly situated parties. The Defendants responded in opposition and have defended their positions. While that motion has been pending, the parties apparently engaged in arm's-length settlement discussions.

During the proceedings and settlement discussions, the Plaintiffs have been represented by counsel. The Defendants have also retained counsel. Over several weeks, the terms of a settlement were reduced to a written agreement. The terms of the settlement were approved and signed by all the parties. The parties have asked this Court to approve the terms of that agreement.

Based on the allegations and the record, the settlement reflects a reasonably supportable amount of unpaid overtime due to the Plaintiffs. The amounts to be paid are consistent with the Plaintiffs' testimony and the Defendants' lack of records. In addition, the terms of the Agreement provide that each Plaintiff will receive an amount equal to the unpaid wages, but paid as liquidated damages. The Parties have represented to the Court that Defendants have also agreed to compensate Plaintiffs for attorneys' fees and expenses. Understanding this compensation to be separate and independent of Plaintiffs' lost wages, the Court approves Defendants' settlement of attorney fees with Plaintiffs' counsel.

## III. APPROVAL

As the settlement provides Plaintiffs a substantial portion of the relief to which they may have been entitled under the Fair Labor Standards Act, the Court **APPROVES** the settlement of Plaintiffs' claims under the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act. In light of the Parties' settlement, the pending Motion to Certify Class, doc. 7, is **MOOT**. The Parties have included a clause in the Settlement Agreement to allow the Court to retain jurisdiction over the enforcement of the settlement agreement. (See Doc. 13-1, ¶15). The parties have agreed that after the Plaintiffs and their counsel have received full payment of the settlement amounts, the Plaintiffs would dismiss this case with prejudice. (Doc. 13-1, ¶3). The Court will **RETAIN JURISDICTION** pending full payment of the settlement amounts.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, August 4, 2015.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE